1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

           Petitioner,

        v.

MIKE D. BITER, Warden,

           Respondent.

Case No. CV 16-658 DSF (MRW)

**ORDER SUMMARILY DISMISSING HABEAS ACTION**

      The Court summarily dismisses the action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244 and for plainly failing to state a claim for relief under 28 U.S.C. § 2254.

\* \* \*

      Petitioner is currently serving a life sentence in state prison based on his 1996 conviction for murder and other offenses. Petitioner already sought habeas relief related to his 1996 conviction. The Court dismissed his action – filed in 2012 – as untimely under AEDPA. Shepard v. Gipson, CV 12-3026 MRW (C.D. Cal.). The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability or other relief regarding that conviction. (Docket # 25.)

Petitioner is separately serving a life term arising from a 2011 conviction regarding a different murder committed in the 1990s.  The Court denied habeas relief as to that conviction in a different federal action.  Shepard v. Gipson, CV 12-2803 DSF (MRW) (C.D. Cal.).

Notably, after the denial of relief in the habeas case involving the 2011 conviction (CV 12-2803), Petitioner tried to pursue a second habeas action. Shepard v. Biter, CV 15-4320 DSF (MRW) (C.D. Cal.).  The Court summarily dismissed that action under 28 U.S.C. § 2244(b) as a second or successive habeas action filed without authorization from the federal court of appeals.  In the dismissal order, the Court expressly informed Petitioner of the legal requirement and procedure regarding successive habeas actions.  (Docket # 8.)  According to the docket, Petitioner did not appeal that dismissal.

Petitioner's current action – his second regarding the 1996 conviction, but the fourth in this judicial district – argues that a recent state court judicial decision regarding California's Three Strikes sentencing scheme (People v. Vargas, 59 Cal. 4th 635 (2014)) impacts Petitioner's long-concluded criminal case.  The petition is not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

Magistrate Judge Wilner screened Petitioner's action and required Petitioner to file a statement explaining why the action was properly filed.  (Docket # 4.)  In his response, Petitioner broadly claimed that the failure of the state courts to apply the Vargas decision in his case violated the U.S. Constitution under Hicks v. Oklahoma, 477 U.S. 343 (1980).

* * *

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party.  28 U.S.C. § 2243; see also Rule 4 of Rules

Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

The current petition challenges the sentence imposed upon him in 1996. The Court previously denied habeas relief regarding that criminal conviction. (CV 12-3026.) Petitioner failed to obtain permission from the federal appellate court to bring the present habeas action. On this basis, the current petition is subject to summary dismissal. See 28 U.S.C. § 2244(b); Burton, 549 U.S. 147; McNabb, 576 F.3d at 1029.

Further, federal habeas relief is only warranted if a prisoner can demonstrate that the state's highest court unreasonably applied clearly established federal law. 28 U.S.C. § 2254. Petitioner's claim that the state court failed to apply Vargas to his case fails to state a claim upon which this Court can grant relief. The Vargas decision involved California's criminal sentencing scheme. A cursory review of the opinion reveals no analysis of any federal constitutional right. Rather, the

1   ruling addressed an issue of state sentencing law unrelated to any federal legal

2   principle.  That does not raise an issue cognizable on federal habeas review.

3   Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of

4   fundamental unfairness, a state court's misapplication of its own sentencing laws

5   does not justify federal habeas relief.").  Further, Petitioner's minimal "driveby"

6   reference to Hicks is insufficient to raise a legitimate federal claim.  Castillo v.

7   McFadden, 399 F.3d 993, 999 (9th Cir. 2005).

8                                         * * *

9           The current action is successive and fails to state a cause of action.  The

10   petition is subject to summary dismissal without service on the California Attorney

11   General.  The action is therefore DISMISSED.

12           IT IS SO ORDERED.

13

14   Dated: _2/23/16                       _____

15                                         HON. DALE S. FISCHER
                                           UNITED STATES DISTRICT JUDGE
16

17   Presented by:

18

19   _____

20   HON. MICHAEL R. WILNER

21   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28